UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN JONES, et al.,<br><br>Defendants. | No. 2:15-cv-1525 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. There are three matters before the court. First is defendants' motion to compel (ECF No. 21), which plaintiff opposes (ECF No. 25). Second is plaintiff's motion to compel (ECF No. 22), which defendant opposes (ECF No. 26). Last is defendants' motion for summary judgment (ECF Nos. 29-32), to which plaintiff has requested additional time to respond (ECF No. 33) and filed a declaration in opposition (ECF No. 34).

I. <u>Plaintiff's Allegations</u>

This case proceeds on plaintiff's first amended complaint. ECF No. 9. Plaintiff alleges that defendant Jones ignored threats on plaintiff's life made by other inmates and offered to move him into a cell next to the inmates threatening him. ECF No. 9 at 2-3. It was also common practice at the jail to ignore threats to an inmate's safety, which led to inmates being assaulted by

////

other inmates. Id. Plaintiff claims that defendant Growdon[1] failed to properly train or supervise his subordinates, resulting in this widespread failure to intervene when inmates were threatened. Id. at 4. He also asserted a claim for relief against defendant Lassen County Jail based on Growdon's position as sheriff and the alleged widespread failure to protect inmates. Id.

II.     Motions to Compel

   A.     Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)), and "to narrow and clarify the basic issues between the parties," Hickman, 329 U.S. at 501.

Under Federal Rule of Civil Procedure 37(a)(3)(B), a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party

////

---

[1] Identified in the complaint as "Growden."

is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

      B.      Defendants' Motion to Compel

Defendants move to compel responses to their interrogatories and requests for production of documents and verification of those responses. ECF No. 21-1 at 3. They also seek monetary sanctions. Id. at 3-4. In their reply, defendants request that the court modify the discovery deadline in order "for Plaintiff to provide verified written discovery responses and for Defendants to evaluate whether a further motion to compel is warranted or not." ECF No. 23 at 3. Plaintiff opposes the motion and argues that his objections are appropriate and the answers he has provided are adequate. ECF No. 25 at 4-15. In addition, plaintiff declares that he does not have any documents to produce. ECF No. 24. He asserts that the motion to compel and for sanctions is frivolous and should be denied in its entirety. ECF No. 25 at 1-2.

      i.      Defendants' Request for Interrogatories

Defendants seek to compel responses to their interrogatories on the grounds that plaintiff baselessly objected to all interrogatories, provided "virtually no substantive information," and failed to verify his responses. ECF No. 21-1 at 3; ECF No. 23 at 2. Plaintiff opposes the motion and argues that he should not be required to respond any further than he already has. ECF No. 25 at 4-15. Plaintiff will be required to provide verification of his responses, as required by Federal Rule of Civil Procedure 33(b)(3), and to provide further responses as outlined below.

**Interrogatory Nos. 1, 4, 7:**[2] "Please state all facts which support your contention that Defendant [Kevin Jones, Dean F. Growdon, or Lassen County ADF] violated your Eighth Amendment rights." ECF No. 21-2 at 6-7.

**Response to Interrogatory No. 1:** "Objection. Defendants' inquiry as to 'facts' are overbroad, unintelligible, ambiguous as to time and place, compound as to when, without waving these objection, plaintiff answers: Plaintiff brought to the attention of the Defendants actual kites where plaintiff was threatened."[3] ECF No. 21-2 at 18.

---

[2] Each interrogatory related to a different defendant.
[3] Minor spelling and grammatical errors in plaintiff's responses have been corrected.

**Response to Interrogatory No. 4:** "Objection. Defendants' inquiry as to "facts" are overbroad, unintelligible, ambiguous as to time and place, compound and cumulative as to which incident." Id. at 19.

**Response to Interrogatory No. 7:** "Objection. Plaintiff cannot answer, or give the information requested, in that it is vague, ambiguous, and overbroad as to time, place, and which time. Based on this plaintiff is unable to answer the question." Id. at 20.

Plaintiff has alleged that defendant Jones ignored threats to his life and that Growdon and Lassen County Jail's failure to properly train and supervise subordinates led to a widespread failure to intervene when inmates were threatened by other inmates (ECF No. 9 at 2-4), and these interrogatories seek information relating to the factual basis for plaintiff's claims. In responding to the requests, plaintiff argues that he cannot reply because the requests for information are overbroad, vague, or ambiguous. However, the information sought is not too broad, and any lack of specificity can be attributed to the lack of specificity contained in the complaint. The complaint does not provide any dates and has limited information regarding the incidents of which plaintiff complains. Defendants are simply requesting that plaintiff provide the factual basis for the claims he made in his first amended complaint, which they are entitled to do. Plaintiff cannot expect defendants to identify dates, times, or other specifics when he is the one making the allegations and he has failed to provide any such information in the first instance. The objections are therefore overruled, and plaintiff will be required to respond to these interrogatories in full and without objection. To the extent plaintiff has already provided limited information in response to Interrogatory No. 1, if his assertion is that he has already provided all the facts that support his contentions, then he must state that there are no additional facts on which he is relying.

**Interrogatory Nos. 2, 5, 8:** "Please identify all witnesses, including name, address, and telephone numbers whom support your contention that Defendant [Kevin Jones, Dean F. Growdon, or Lassen County ADF] violated your Eighth Amendment Rights." ECF No. 21-2 at 6-7.

////

4

**Response to Interrogatory No. 2:** "Objection. Defendants' request cannot be understood or answered as the question is posed. Its overbroad, ambiguous compound, vague, cumulative and will not lead to any relevant discoverable information. Without waving these objections plaintiff names Kevin Jones, Roxanna Harding, SGT WITHROW, Roger Stephans and DENA ADAMS." ECF No. 21-2 at 19.

**Response to Interrogatory No. 5:** "Objection. Defendants posed request cannot be understood or answered as posed. It is overbroad, ambiguous, vague, compound and cumulative as to which incident, time, place, or case." Id.

**Response to Interrogatory 8:** "Objection. Defendants request is overbroad, vague, and ambiguous as to time place, and which incident of happening referred to. Plaintiff is unable to answer this incomplete hypothesis." Id. at 20.

Defendants' are entitled to request information regarding any witnesses whom plaintiff believes have information regarding the allegations in the complaint and his objections are overruled. Plaintiff will be required to answer these interrogatories without objection. If the information provided in response to Interrogatory No. 2 is all the information regarding witnesses which plaintiff possesses, then he must clarify that he is not aware of any other witnesses and that he does not possess any additional information about the witnesses.

**Interrogatory Nos. 3, 6, 9:** "Please identify all documents with particularity which support your contention that Defendant [Kevin Jones, Dean F. Growdon, or Lassen County ADF] violated your Eighth Amendment rights." ECF No. 21-2 at 6-7.

**Response to Interrogatory No. 3:** "Objection. The posed interrogatory is vague, ambiguous, overbroad, compound, cumulative as to 'documents' as to time and place or which infraction." ECF No. 21-2 at 19.

**Response to Interrogatory No. 6:** "Objection. Plaintiff is unable to answer 'all documents' that the defendants question poses; in that it is ambiguous, vague and overbroad as to time and which incident. Based on this plaintiff is unable to give a hypothetical." Id. at 20.

**Response to Interrogatory No. 9:** "Objection. The posed interrogatory is vague, ambiguous, overbroad, compound and cumulative as to 'documents' in a time, place, or incident.

5

1  Based on this incomplete question plaintiff is unable to respond." Id.

2  These interrogatories properly seek information about the documentary evidence that
3  plaintiff believes supports his claims in this case. As already addressed above, plaintiff cannot
4  fault defendants for any lack of specificity regarding the incidents when he has failed to
5  specifically identify them in the first instance, and the objections are overruled. Plaintiff will be
6  required to respond to these interrogatories without objection. If no responsive documents exist,
7  plaintiff should expressly say so in response to the interrogatories.

8  **Interrogatory No. 10:** "Please identify all physical altercations you were involved in at
9  Lassen County ADF, including other identification of other person(s) involved, dates of
10 altercation, reason for altercations, and Lassen County ADF response thereto." ECF No. 21-1 at
11 7.

12 **Response to Interrogatory No. 10:** "Objection. Plaintiff is unable to respond to 'all
13 physical altercations' as the defendants' question is posed, in that it is vague, ambiguous,
14 overbroad, and cumulative as to time, place, incident, and with whom." Id. at 21.

15 Plaintiff objects to the interrogatory on the ground that it does not specify the time, place,
16 incident, or individuals involved. However, the request is for that very information that plaintiff
17 faults defendants for not providing. The objections are without merit and plaintiff will be
18 required to respond to this request without objection.

19 **Interrogatory No. 11:** "Please identify all threats made against you at Lassen County
20 ADF, including the identification of the person making the threat, date of threat, and substance of
21 threat." ECF No. 21-2 at 7.

22 **Response to Interrogatory No. 11:** "Objection. As to all 'threats' made, plaintiff cannot
23 answer the question in that it fails to state time, place, and incident. It is also overbroad, vague,
24 and ambiguous to incident." Id. at 21.

25 As with Interrogatory No. 10, plaintiff objects on the ground that defendants have not
26 provided the very information the interrogatory seeks to uncover. The objections are therefore
27 overruled, and plaintiff will be required to answer the interrogatory without objection.
28 ////

**Interrogatory Nos. 12, 13, 14:** "With respect to each threat made against you as identified in response to Interrogatory No. 11 above, please specify which threat(s) you brought to the attention of Defendant [Kevin Jones, Dean F. Growdon, or Lassen County ADF], the date said threats were presented, your requested relief, and the response offered to you." ECF No. 21-2 at 7.

**Response to Interrogatory No. 12:** "Objection. Defendants' question does not state which incident, time, place or where. As to which threat was brought to the attention of Kevin Jones it is vague, ambiguous, and overbroad as to which person. Based on this plaintiff can't answer properly." Id. at 21.

**Response to Interrogatory No. 13:** "Objection. Defendants' question is unintelligible, incomplete and as stated does not call for incident, time, place, or where. As to which threat was brought to the attention of Dean F. Growdon it is vague, ambiguous and over broad as to which time, person involved. Based on this the question as is cannot be answered." Id. at 21-22.

**Response to Interrogatory No. 14:** "Objection. Defendants' question is unintelligible, incomplete, and as stated does not call for which incident, time, place, or where. As to which threats was brought to the attention of Lassen County ADF, the request for date of threats are vague, ambiguous and overbroad as to when. Based on the question as incomplete, plaintiff cannot give a factual date." Id. at 22.

Plaintiff continues to object to defendants' interrogatories for failing to provide the same information which they seek, and the objections to these interrogatories are overruled and plaintiff must respond to these interrogatories without objection.

**Interrogatory No. 15:** "Please identify all inmates (other than yourself) whom you believe had threats made against him or her, the person whom made the threats, the general nature of the threats, the dates of the threats, whom the threats were brought to at Lassen County ADF, the requested relief by the inmate, and Lassen County ADF's response thereto." ECF No. 21-2 at 7.

**Response to Interrogatory No. 15:** "Objection. Defendants' request calls for a compound hypothetical speculation as to the overall population and security protected documents

of other inmates. Plaintiff cannot answer the question." Id. at 22.

Defendants' request seeks to have plaintiff identify only the individuals that he believes were threatened and to provide any information he may have related to those threats. This is not the same as asking plaintiff to identify all individuals who were in fact threatened. While the question is compound, it is easily broken up into discreet parts. Plaintiff's objections are therefore overruled and he will be required to respond to the request without objection.

    ii.   <u>Defendants' Request for Production of Documents</u>

Defendants also move to compel the production of documents. ECF No. 21-1 at 3. Defendants argue that the document response was not verified, plaintiff is evading responses to document requests, and "to the extent the corresponding interrogatory response is deficient, so is the document response." ECF No. 23 at 2-3. In response, plaintiff declared under penalty of perjury that he does not have any of the documents that defendants are seeking. ECF No. 24.

Under Rule 34, "[c]ontrol is defined as the legal right to obtain documents upon demand. The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control. <u>United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO</u>, 870 F.2d 1450, 1452 (9th Cir. 1989) (citations omitted).

Defendants' first three requests for documents request the production of any documents identified in specified responses to their interrogatories. ECF No. 21-2 at 13. Because plaintiff has not properly responded to the interrogatories by either identifying responsive documents or averring that no such documents exist, his responses that he has no documents to produce in response to the first three requests for production are insufficient and he will be required to supplement his responses to these requests as necessitated by his supplemental responses to the corresponding interrogatories. With respect to the remaining requests for production, plaintiff has stated, under penalty of perjury, that he has no responsive documents, and defendants have not presented any evidence that would contradict this assertion. The court cannot force plaintiff to produce documents which he does not possess or have control over. However, plaintiff is advised that if he obtains documents responsive to these requests, he is required to supplement his responses and provide defendants with copies of those documents. Failure to do so will result in

8

plaintiff being barred from using any unproduced documents as evidence in this case.

### iii.  Defendants' Request for Sanctions

In addition to compelling plaintiff's responses, defendants seek monetary sanctions in the amount of $735.00 on the grounds that plaintiff is deliberately abusing discovery rules by evading responses and "driv[ing] up defense expenses through non-compliance with basic written discovery." ECF No. 21-1 at 3-4; ECF No. 21-2 at 3.  Plaintiff claims that the motion is meritless.  ECF No. 25 at 1.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that when the court grants a motion to compel,

> the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

The rule does not require a party to be in violation of a court order, only that the party's conduct necessitated a meritorious motion to compel.

The court finds that plaintiff's failure to respond to discovery requests was not substantially justified, and that plaintiff must respond.  However, in light of his status as a prisoner proceeding pro se and in forma pauperis, the court declines to award sanctions at this time.  Although the court declines to grant defendants their costs and fees associated with bringing the instant motion to compel, plaintiff is cautioned that if he continues to refuse to participate in discovery, future requests for fees and costs may be granted regardless of plaintiff's status as a prisoner proceeding pro se and in forma pauperis.

### iv.  Conclusion

Plaintiff's responses to defendant's interrogatories and requests for production of documents are insufficient, and plaintiff is ordered to answer the interrogatories and produce any

responsive documents as set forth above. Plaintiff will not be sanctioned at this time, but is warned that sanctions, up to dismissal of this action, may be proper in the future if he fails to comply with the court's order.

### C. Plaintiff's Motion to Compel

Plaintiff requests that the court compel responses to plaintiff's requests for production and informs the court of his intention to seek sanctions if the documents are not produced. ECF No. 22 at 6-7. Defendants oppose this motion and seek sanctions on the ground that the motion is frivolous. ECF No. 26. Plaintiff also provides a "supplement" to his motion (ECF No. 27), which the court will construe as a reply in support of the motion to compel.[4]

#### i. Plaintiff's Request for Production of Documents

In the declaration attached to his motion, plaintiff seeks to compel the production of documents in response to Request Nos. 3, 5, 7, 8, 10, 11, and 12[5] from his first request for production. ECF No. 22 at 9-11. Defendants argue that plaintiff's requests "were grossly overbroad, too vague and ambiguous to the point of being unintelligible, while many others called for the production of irrelevant information or documents otherwise under Plaintiff's control and equally available to Plaintiff." ECF No. 26 at 2. The court will address each request identified by plaintiff in turn.

**Request for Production No. 3:** "All documents which refer, relate or concerns threats made to the plaintiff and brought to your attention." ECF No. 22 at 15.

---

[4] Although defendants object to the reply on the ground that it is untimely (ECF No. 28), the objection will be overruled. Local Rule 230(l) provides that the moving party in a prisoner action may file a reply "not more than seven (7) days after the opposition has been filed in CM/ECF." Plaintiff's reply was filed thirteen days after the opposition was filed, see Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing), and was therefore six days late. However, it is a reality of plaintiff's incarcerated status that he must receive all documents by mail and is therefore subject to at least some delay in his receipt of court filings, which in turn shortens his time to reply. Although plaintiff would have ideally requested an extension of time upon his receipt of the opposition, given that the reply is only six days late, it does not appear that he delayed in preparing and submitting his reply, and the brief untimeliness will be excused.

[5] Although plaintiff also identifies Request No. 1, he states that defendants produced the requested documents. ECF No. 22 at 9.

10

In response to Request No. 3, defendants' provided the following objections: "Respondents object to this request for production of documents because it is overbroad, is vague and ambiguous as to 'threats,' 'your,' and as to time, and to the extent the request calls for production of documents equally available to the propounding party." Id. at 15. Defendants then identified a number of documents that had been "previously produced to [plaintiff] during discovery in *Hoffman v. County of Lassen*, 2:15-cv-1558 (E.D. Cal.)" and cited an order in *Hoffman v. Jones*, 2:15-cv-1748 (E.D. Cal), holding that they were not required to produce plaintiff's jail file again. Id. at 15-16.

The subject in controversy here is plaintiff's booking file. Plaintiff asserts that he does not have access to the booking file previously provided to him by defendants (ECF No. 22 at 9-10), while defendants argue that they have no duty to produce it because plaintiff already received a copy in another case and he has "the legal right to obtain it on demand" from the person he sent it to (ECF No. 26 at 5). Defendants rely on the court's decision in *Hoffman v. Jones*, 2:15-cv-1748 (E.D. Cal), where the court found that defendants should not be compelled to provide plaintiff the booking file again because plaintiff had the legal right to obtain the booking file on demand and did not explain why he could not contact the person he sent the booking file to. Id.; ECF No. 26-2 at 125-26.

Plaintiff further asserts that he is willing to copy the booking file at his own cost if defendants bring it to him at the prison so that he can make a copy. ECF No. 22 at 4, 10-11. In response, defendants argue that it would be "unreasonably burdensome, oppressive, and harassing" to require them to bear the cost of sending plaintiff another copy of his 1,391 page booking file when he has not shown he cannot access the copy he previously received, and that presenting the file for plaintiff to copy creates the same burden "because they will not release the original documents (stored in various locations) or their own file copy of compiled documents (with Bates stamped page numbers) to be modified, lost, or retained." ECF No. 26 at 6. However, they agree to recopy and mail the file if plaintiff can show "that these documents are no longer in his possession, custody or control" and he pays $354.00 to defendants' counsel to cover the cost of copying and mailing the file. Id.

11

Defendants rely heavily on this court's previous holding in another case that they were not required to provide plaintiff with another copy of his booking file. However, the court will not simply rely on a previous decision that documents were equally available to plaintiff where the factual basis for that determination differs from the current circumstances. The previous decision was based, in part, on the finding that "Plaintiff has not offered any explanation as to why he cannot contact the individual to whom these documents were mailed and request that they be sent back to him." ECF No. 26-2 at 126. That is not the situation in this case. Here, plaintiff's motion asserts that he has been unable to contact the person to whom he sent the documents (ECF No. 22 at 10) and he elaborates in his reply that the person's phone number has changed and mail has been returned (ECF No. 27 at 3). This is sufficient to demonstrate that the documents are no longer equally available to plaintiff. However, defendants' burden in copying and mailing plaintiff a copy of his entire booking file is not insignificant, and plaintiff has not demonstrated that the entire file is responsive to his request. Accordingly, the motion to compel as to Request No. 3 will be granted only in part and defendants will be required to produce only those documents that they identified in the response to the request. If plaintiff would like a copy of his entire file, he must first provide defendants with $354.00 to cover their expenses.

**Request for Production No. 5:** "All incident reports, documents, or grievances that were brought to your attention by Dillion Gomez." ECF No. 22 at 16.

Defendants' objected to Request No. 5 on the grounds that "it is overbroad, is vague and ambiguous, lacks foundation, lacks relevance to any claim or defense, and infringes on the privacy rights of a non-party. Given these objections, Respondent will not be producing any documents." Id.

In his motion to compel, plaintiff narrows his request and asks for Dillon Gomez's incident report and grievances related to the day and time where Gomez was assaulted by Michael Gifford. ECF No. 22 at 10. He further argues that personal information can be blacked out and that the documents are necessary to show the defendants' "incomp[e]tence and inept ability at providing the safety they claim." Id. Regardless of any narrowing of the request, plaintiff has failed to demonstrate the relevance of the documents requested. There is no indication that the

12

1 | assault on Gomez was related to the threats against plaintiff, and a single incident does not
2 | demonstrate or support a finding that there was a failure to train or a pattern or practice of
3 | ignoring threats to inmate safety.  Accordingly, the motion to compel will be denied as to this
4 | request.

**Request for Production No. 7:** "Present for inspection, or copying Plaintiffs CFMG medical file in your possession, or your attorneys possession, so plaintiff may bare [sic] the cost." ECF No. 22 at 16.

Defendants objected to Request No. 7 on the grounds that it "is overbroad, is vague and ambiguous, lacks relevance to any claim or defense, and it calls for production of information equally available to the propounding party.  The request to 'present [documents] for inspection' presents the same burden to Respondents as producing a copy because they will not release their file copy of documents obtained via subpoena to be modified, lost, or retained." Id. at 16-17. Defendants again cite to a decision in another of plaintiff's cases wherein the court found that "Plaintiff has not demonstrated these medical records were not 'equally available' to Plaintiff," and state that "[c]onsumers may request copies of their own medical records directly from their medical providers." Id. at 17.

In his motion, plaintiff argues that defendants should be required to bring the documents to him so that he can copy them at his own cost and inspect them and that defendants got the file "through a third party with the sole purpose of denying the plaintiff access to said file because the defendants knowing[ly] used plaintiff[']s IFP status against him knowing he could not pay for the service." Id. at 9-10.

As addressed above, the court will not simply adopt the ruling in plaintiff's other case because it was based upon plaintiff's failure in that case to demonstrate the documents were not equally available to him.  However, while plaintiff demonstrated that he no longer has access to the copy of his booking file he previously received, he has failed to show that he does not have equal access to his medical records.  Plaintiff has the legal right to obtain his own medical files on demand from his medical providers, and there is no requirement that he pay for a service in order to obtain his medical files, as defendants did.  Plaintiff has failed to show that he cannot obtain

1  his medical records directly from his medical providers and the motion as to this request will be
2  denied.

3  **Request for Production No. 8:** "Any and all documents obtained by Legal Copy
4  Services so plaintiff may copy, inspect or duplicate these at his cost. Mostly of those in relation
5  to medical files at the jail, Dr. Meadows and Banner Medical." ECF No. 22 at 17.

6  Defendants objected to Request No. 8 on the same grounds as they objected to Request
7  No. 7 (id.), and the motion to compel as to Request for Production No. 8 is denied for the same
8  reasons that the motion is denied as to Request for Production No. 7.

9  **Request for Production No. 10:** "All incodents [sic] concerning Dena Adams being
10  assaulted." ECF No. 22 at 17.

11  Defendants objected to Request No. 10 on the grounds that the request "is overbroad, is
12  vague and ambiguous, lacks foundation, lacks relevance to any claim or defense, and infringes on
13  the privacy rights on a non-party. Given these objections, Respondent will not be producing any
14  documents." Id.

15  As an initial matter, defendants correctly point out that plaintiff's request is not a request
16  for documents. ECF No. 26 at 11-12. Although plaintiff's motion clarifies that he is seeking
17  "relevant facts to the ass[a]ult, persons involved, [and the] date and time" (ECF No. 22 at 11),
18  such a request reads more like an interrogatory than a request for production. However, even
19  assuming that plaintiff's request was intended as a request for documents regarding Adams'
20  assault, defendants further argue that plaintiff has failed to demonstrate that the relevance of such
21  documents outweighs non-party privacy concerns. ECF No. 26 at 12.

22  Plaintiff asserts that the requested information is relevant because "the reason the plaintiff
23  was threatened was due to Dena M. Adams involvement in a case she was helping the defendant
24  prosecute and was assaulted because of this." ECF No. 22 at 11. However, even if plaintiff's
25  assertions are true, it is unclear how the information he seeks regarding Adams being assaulted is
26  relevant to his claims. Plaintiff's allegations are that defendant Jones ignored threats on
27  plaintiff's life made by other inmates and then offered to move him into a cell next to the inmates
28  threatening him; that it was common practice at the jail to ignore threats to an inmate's safety,

which led to inmates being assaulted by other inmates; and that defendant Growdon failed to properly train or supervise his subordinates, resulting in this widespread failure to intervene when inmates were threatened. ECF No. 9 at 2-4. As noted above in relation to the request for documents regarding an assault on Dillon Gomez, a single incident, or even two if the assaults on Gomez and Adams are considered in conjunction, do not demonstrate or support a finding that there was a failure to train or that a pattern or practice of ignoring threats to inmate safety existed. Furthermore, even if plaintiff was threatened because he is Adams' fiancé and she assisted the defendants in a prosecution, the type of information plaintiff is seeking regarding Adams' assault does not appear to be relevant to Jones ignoring threats against plaintiff's life. Accordingly, the motion to compel will be denied as to this request.

**Request for Production No. 11:** "All documents proving you did not act with delibrate [sic] indifference to plaintiff's plea." ECF No. 22 at 18.

Defendants objected to Request No. 11 on the grounds that "it is overbroad, is vague and ambiguous, and to the extent the request calls for production of documents equally available to the propounding party." Id. Defendants then identified a number of documents that had been "previously produced to [plaintiff] during discovery in *Hoffman v. County of Lassen*, 2:15-cv-1558 (E.D. Cal.)" and cited an order in *Hoffman v. Jones*, 2:15-cv-1748 (E.D. Cal), holding that they were not required to produce plaintiff's jail file again. Id.

The motion to compel will be partially granted as to Request No. 11 for the same reasons it is being granted as to Request No. 3, and defendants are required to provide plaintiff with copies of the documents identified in response to Request No. 11.

**Request for Production No. 12:** "All documents that show you acted to keep plaintiff from suffering threats." ECF No. 22 at 18.

Defendants objected to Request No. 12 on the grounds that "it is overbroad, is vague and ambiguous , and to the extent the request calls for production of documents equally available to the propounding party." Id. Defendants then identified a number of documents that had been "previously produced to [plaintiff] during discovery in *Hoffman v. County of Lassen*, 2:15-cv-1558 (E.D. Cal.)" and cited an order in *Hoffman v. Jones*, 2:15-cv-1748 (E.D. Cal), holding that

they were not required to produce plaintiff's jail file again. Id.

The motion to compel will be partially granted as to Request No. 12 for the same reasons it is being partially granted as to Request No. 3, and defendants are required to provide plaintiff with copies of the documents identified in response to Request No. 12.

### ii. Requests for Sanctions

In his motion, plaintiff informed the court that if defendants failed to produce the requested documents twenty days after the filing of his motion, he would seek monetary sanctions in the amount of $1,000 per day until documents are produced. ECF No. 22 at 7. Although the motion to compel is being granted in part, defendants' objections were not without merit and the court therefore finds that the imposition of sanctions is not warranted. In the event defendants fail to comply with this order, plaintiff may pursue sanctions at that time.

The court also declines to grant defendants' motion for sanctions. In their reply, defendants sought monetary sanctions in the amount of $1,050.00 for wasting court and litigation resources on "a baseless and improper discovery motion." ECF No. 26 at 14-15; ECF No. 26-1 at 2. For the reasons discussed above, the motion holds some merit and the court therefore finds the imposition of sanctions to be improper.

### iii. Conclusion

Plaintiff's motion to compel production of documents is granted in part. Defendants shall produce documents in response to Requests for Production Nos. 3, 11, and 12 as set forth above. The motion is denied in all other respects.

### III. Defendants' Motion for Summary Judgment

Because the deadline for filing dispositive motions was not extended to allow for the resolution of these discovery matters, and the production of additional documents that may be material to plaintiff's opposition to defendants' motion to summary judgment was ordered, the motion will be vacated with leave to re-file upon the resolution of these discovery matters.

### IV. Plain Language Summary of this Order for a Pro Se Litigant

Defendants' motion to compel is being granted in part. You must provide supplemental responses to all of the interrogatories, and those responses must be made under penalty of perjury.

You are also required to provide additional responses to Requests for Production 1-3 based on your supplemental responses to the interrogatories.

Your motion to compel is being granted in part. Defendants will be required to provide you copies of the parts of your booking file that they listed in their responses to Requests for Production Nos. 3, 11, and 12. If you want a copy of your complete booking file, you must first pay defendants' counsel $354.00 to cover the related costs. Your motion is denied as to all other issues.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 21) is granted and denied in part. The motion is granted as to all of defendants' interrogatories and Requests for Production Nos. 1-3. Within thirty days of the service of this order, plaintiff shall respond to all of defendants' interrogatories and Requests for Production Nos. 1-3 as set forth above. The motion is denied as to Requests for Production Nos. 4-8, though plaintiff is reminded of his obligation to supplement his responses should he obtain any responsive documents.

2. Defendants' motion for sanctions (ECF No. 21) is denied.

3. Plaintiff's motion to compel (ECF No. 22) is granted in part and denied in part. The motion is granted to the extent that defendant must respond to Requests for Production Nos. 3, 11, and 12 as set forth above.

4. Within forty-five days of service of this order, the parties may file any necessary motions for sanctions based on the opposing parties' failure to comply with this order.

5. Defendants' motion for summary judgment (ECF No. 29) is vacated. Within thirty days of the resolution of any motions for sanctions based on failure to comply with this order, defendants may file a motion for summary judgment. If no such motions are filed, defendants shall have thirty days from the deadline for filing any motions for sanctions to file a motion for summary judgment.

////
////
////

6. Plaintiff's motion for an extension of time (ECF No. 33) is denied as moot.

DATED: June 11, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE