UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN, | No. 2:15-cv-1525 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KEVIN JONES, et al., | |
| Defendants. | |

Plaintiff is a former county and current state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is the defendants' motion for terminating and monetary sanctions. ECF No. 40.

I.     Procedural History

This action proceeds on plaintiff's first amended complaint against defendants Jones, Growdon, and the Lassen County Adult Detention Facility for violation of plaintiff's Eighth Amendment rights. ECF No. 13 at 2-3.

On March 15, 2018, defendants filed a motion to compel, alleging that plaintiff had failed to properly respond to interrogatories and requests for production. ECF No. 21-1 at 2-3. The motion was granted in pertinent part, and plaintiff was ordered to respond to all of defendants' interrogatories and Requests for Production Nos. 1-3. ECF No. 37 at 17. Defendants then moved for monetary and terminating sanctions on the grounds that plaintiff had failed to provide

1

supplemental responses. ECF 40-1. In response to the motion, plaintiff filed supplemental responses to defendants' interrogatories, ECF No. 41, and a declaration stating that he had filed a timely request for a two-week extension of time, ECF No. 42.[1]

II. <u>Motion for Terminating Sanctions</u>

By order filed June 12, 2019, the court ordered plaintiff to provide supplemental responses to all of defendants' interrogatories and Requests for Production Nos. 1-3 within thirty days of service of the order. ECF No. 37 at 17. Accordingly, plaintiff was required to serve his responses by July 15, 2019.[2] Counsel for defendants attests that as of July 26, 2019, she had not received any response from plaintiff, ECF No. 40-2 at 2, ¶ 2, and argues that the court should issue terminating sanctions due to the fact that plaintiff "knowingly and intentionally ignored a direct order" and has demonstrated bad faith throughout the course of the litigation through his "egregious, dilatory, and manipulative conduct," ECF No. 40-1 at 5. In response, plaintiff filed his supplemental responses to the interrogatories, dated July 26, 2019, ECF No. 41, and a notice stating that on June 23, 2019, he mailed a request for a two-week extension of time to comply with the order, ECF No. 42.

Assuming that plaintiff mailed his request for extension on June 23, 2019, and that it would have been granted had it been received by the court, his deadline to provide supplemental discovery response would have been July 29, 2019. Plaintiff's supplemental interrogatory responses are dated July 26, 2019, ECF No. 41 at 4, and the court will therefore consider the issue of sanctions as though the responses had been timely filed. Accordingly, before deciding whether terminating sanctions are appropriate, the court will first look at whether plaintiff complied with the June 12, 2019 order.

---

[1] Because it was unclear whether plaintiff intended his supplemental responses and declaration as a response to the motion to dismiss, he was given an additional opportunity to file a response and advised that failure to do so would result in the supplemental responses and declaration being construed as his response to the motion to dismiss. ECF No. 43. Plaintiff did not file any further response.

[2] Defendants argue that the responses were due by July 12, 2019. ECF No. 40-1 at 5. However, it appears they neglected to account for the additional three days that were added to the deadline by Federal Rule of Civil Procedure 6(d) because plaintiff receives service by mail.

A.  Compliance with a Court Order

An initial review of plaintiff's supplemental responses makes it clear that he has not fully complied with the June 12, 2019 order. Although plaintiff has provided somewhat sparse responses to Interrogatories 1-9 and 12-15, he has neglected to provide any response to Interrogatories 10 and 11, and it does not appear that he provided supplemental responses to Requests for Production Nos. 1-3. ECF No. 41.

Interrogatory 10 asked plaintiff to identify all physical altercations he was involved in while at the Lassen County Adult Detention Facility, including the individuals involved, dates, reasons for the altercations, and the response provided. ECF No. 21-2 at 7. Interrogatory 11 requested that plaintiff identify all threats made against him while at the Lassen County Adult Detention Facility, including the persons who threatened him and the dates and substance of the threats. Id. Because the complaint alleges that defendant Jones ignored threats on plaintiff's life and that Growdon and Lassen County Adult Detention Facility had a practice of ignoring threats to inmates safety, these requests are extremely relevant to plaintiff's claims. The failure to provide such information therefore is highly prejudicial to defendants' ability to defend themselves.

Similarly, Interrogatories 12, 13, and 14 ask plaintiff to "specify which threat(s) [he] brought to the attention of Defendant [Kevin Jones, Dean F. Growdon, or Lassen County ADF], the date said threats were presented, [plaintiff's] requested relief, and the response offered to [him]." ECF No. 21-1 at 7. Although plaintiff has provided a supplemental response to these interrogatories, his response is as follows:

> With respect to the threats made twords [sic] my person the defendants have produced a plethora of documents that I brought to the attention of staff. I even sought review from the courts. All these actions and attempts to be free from threats of death and violence were met with deliberate indifference, no concern for my general well being, to the point that the defendants told me "I believe your [sic] fakeing [sic] all this."

ECF No. 41 at 3-4. Plaintiff's response is wholly insufficient as it fails to identify any specific threats, the dates on which any of these threats occurred, the relief he requested from the staff, or the specific responses offered in response to each threat. Plaintiff cannot simply direct defendants

3

to comb through an unknown number of unspecified documents to attempt to determine what incidents plaintiff is complaining about.

Finally, Requests for Production Nos. 1-3 sought all documents identified in Interrogatories 3, 6, and 9. ECF No. 21-2 at 13. While the original responses to those interrogatories did not identify any documents, id. at 19-20, the supplemental responses identify several documents, ECF No. 41 at 3. Plaintiff was explicitly ordered to provide any documents identified in his supplemental responses to the interrogatories. ECF No. 37 at 8. However, not only did plaintiff fail to identify the documents with any specificity, but there is no indication that he has provided defendants with copies of the documents identified.

For the reasons identified above, the undersigned finds that plaintiff has not complied with the June 12, 2019 order and will therefore consider whether his failure warrants sanctions.

          B.      <u>Terminating Sanctions Are Appropriate</u>

Defendants request terminating sanctions based on plaintiff's failure to comply with the June 12, 2019 order compelling discovery responses. ECF No. 40. The Local Rules of the Eastern District provide wide latitude to the court with regard to sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, the Federal Rules of Civil Procedure specifically permit dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

It is within the discretion of a district court to order dismissal sanctions. <u>Olivia v. Sullivan</u>, 958 F.2d 272, 273 (9th Cir. 1992) (citing <u>Hamilton Copper & Steel Corp. v. Primary Steel, Inc.</u>, 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "'dismissal is a harsh penalty . . . it should only be imposed in *extreme circumstances*.'" <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting <u>Ferdik v. Bonzelet</u>,

4

963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))). The court must consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

Not all factors must weigh in favor of dismissal for the sanction to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

        i.    Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). In this case, plaintiff has shown little interest in meaningfully fulfilling his discovery obligations or complying with this court's discovery order, and he has not provided the court or defendants' counsel with any explanation for his non-compliance. His refusal to comply with discovery obligations, despite a court order to do so, has delayed the expeditious resolution of this case.

The court has already had to address defendants' motion to compel, in which it found plaintiff's many objections to be without merit and his failure to respond to the requests unjustified. ECF No. 37 at 3-9. Plaintiff has now failed to comply in any meaningful way with the court's order directing him to provide supplemental responses. Despite being given an additional opportunity to file a proper response to defendants' motion for sanctions, ECF No. 43,

5

he has failed to do so.  The public interest in efficient resolution of cases has thus been thwarted by plaintiff's persistent refusal to meaningfully participate in the discovery process.

### ii. The Court's Need to Manage Its Docket

Plaintiff's failure to properly cooperate in discovery has already consumed a considerable amount of limited judicial time and resources.  The Eastern District of California has one of the heaviest caseloads in the country, and as noted above, plaintiff's continued refusal to meaningfully participate in the discovery process already resulted in defendants' motion to compel, which demanded this court's attention, time, and resources.  Considerations of judicial economy weigh in favor of terminating sanctions.  Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

### iii. Risk of Prejudice to the Defendant

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).  Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131 (citation omitted).  The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 991).

Plaintiff has, after first unjustifiably objecting to defendants' discovery requests, failed to meaningfully or fully comply with the order to provide supplemental responses.  As noted above in considering whether plaintiff meaningfully complied with the June 12, 2019 order, the discovery requests at issue are highly probative, and his failure to provide meaningful responses is decidedly prejudicial to defendants and thus this factor also favors dismissal.

### iv. Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted).

////

However, this policy alone is not sufficient to outweigh the other factors discussed herein. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

          v.     Availability and Effectiveness of Lesser Sanctions

The court finds no other, lesser sanctions that would be satisfactory or effective. Plaintiff is proceeding in forma pauperis, making it unlikely that monetary sanctions will induce him to cooperate or prosecute his case. Nor does it appear that evidentiary sanctions would be an effective alternative. Exclusion of testimony on the subjects covered by the interrogatories and requests for production noted above would be the same as issuing dispositive sanctions since the threats and defendants' responses to the threats are the entire basis of plaintiff's claims. Finally, plaintiff was specifically warned that failure to comply with the June 12, 2019 order could result in dismissal of this action, ECF No. 37 at 10, and the "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement," Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

Despite being given the opportunity to file a proper response to defendants' motion for sanctions, plaintiff failed to do so. Neither the supplemental discovery responses nor his notice that he sought an extension of time explain why plaintiff has refused to participate fully comply with the court's June 12, 2019 order. Plaintiff's lack of a proper response to the motion and incomplete and insufficient supplemental responses to defendants' discovery requests demonstrate a willful disregard for this court's order and the court finds that lesser sanctions would be ineffective and insufficient to address this behavior.

For these reasons, the undersigned finds that terminating sanctions are justified and will recommend dismissal of this case with prejudice.

III.     Motion for Attorney's Fees and Costs

When a party fails to obey a discovery order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In light of the fact that defendants' motion for terminating sanctions

is being granted, which is a sufficiently severe penalty, the court finds that monetary sanctions would be unjust.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for sanctions, ECF No. 40, be GRANTED IN PART AND DENIED IN PART as follows:

    a. GRANTED as to terminating sanctions, and

    b. DENIED as to monetary sanctions.

2. This action be dismissed, with prejudice, for failure to comply with a court order. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **ten days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Due to exigencies in the court's calendar, no extensions of time will be granted.** The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2020

_\[signature\]_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE